1
2
3
4
5
6
7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EBONE LEROY EAST,                          1:11-cv-00249-SMS (PC)

12              Plaintiff,                      ORDER TRANSFERRING CASE TO THE
                                                NORTHERN DISTRICT OF CALIFORNIA
13   vs.

14   WALKENHORST,

15              Defendant.

16   _____/

17         Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to

18   42 U.S.C. § 1983.  The federal venue statute requires that a civil action, other than one based on

19   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

20   defendants reside in the same state, (2) a judicial district in which a substantial part of the events or

21   omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of

22   the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

23   district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

24         In this case, none of the defendants reside in this district.  The claim arose in Napa County,

25   which is in the Northern District of California.  Therefore, plaintiff's claim should have been filed in

26   the United States District Court for the Northern District of California.  In the interest of justice, a

27   federal court may transfer a complaint filed in the wrong district to the correct district.  See 28

28   U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

-1-

-2-

1 | Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
2 | District Court for the Northern District of California.
3 |
4 | IT IS SO ORDERED.
5 | Dated:   **February 15, 2011**          **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE