*E-Filed 6/22/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EBONE LEROY EAST, | No. C 11-00826 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| WALKENHORSTS, | |
| Defendant. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendant Walkenhorsts, a private company under contract with the California Department of Corrections to provide canteen items to California prisons, infringed on his copyright by listing a work by plaintiff in its catalogue without his permission. Under the facts alleged in the complaint, this defendant cannot be sued under 42 U.S.C. § 1983. Specifically, plaintiff does not allege that defendant acted under color of state law, a requirement under § 1983. Action taken by a private organization may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotations omitted). The Supreme Court has found state action when a challenged activity results from the state's exercise of coercive power, when the State provides significant encouragement for the activity, or when a private actor operates as a willful participant in joint activity with the State. *See id.* In the instant matter, plaintiff

1 alleges no specific facts suggesting that defendant's conduct could fairly be treated as
2 conduct of the state itself. Furthermore, because plaintiff alleges purely private conduct by
3 defendant, such allegations do not meet the standards for cognizable claims under § 1983.
4 *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a private citizen does not act under color of
5 state law, an essential element of a § 1983 action).

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint addressing the deficiencies detailed above within 30 days from the date this order is filed. Plaintiff must allege specific facts, and not put forth conclusory allegations. The first amended complaint must include the caption and civil case number used in this order (11-00826 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: June 22, 2011

RICHARD SEEBORG
United States District Judge